UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
OCT 18 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

GERARD MASTRAPASQUA, :
:
      Plaintiff, :
:
v. :
:
EQUIFAX INFORMATION SERVICES, LLC :
:
   SERVE:  Corporation Service Company :
               1111 East Main Street :  CIVIL ACTION NO.
               Richmond, VA 23219 :
: 3:12CV743
EXPERIAN INFORMATION SOLUTIONS, INC. :
:
   SERVE:  David N. Anthony :
               Troutman Sanders LLP :
               1001 Haxall Point :
               Richmond, VA 23219 :
:
TRANSUNION, LLC :
:
   SERVE:  Corporation Service Company :
               1111 East Main Street :
               Richmond, VA 23219 :
:
      Defendants. :

## COMPLAINT

COMES NOW the Plaintiff, Gerard Mastrapasqua ("Mastrapasqua" or "Plaintiff"), by counsel, and as for his Complaint against the Defendants, he alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3. The Plaintiff is a natural person residing in Virginia, and at all times relevant hereto was a "consumer" as defined by the FCRA.

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

6. Defendant TransUnion, LLC ("TransUnion") is a foreign limited liability company doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

## STATEMENT OF FACTS

7. Plaintiff obtained a credit card account with Chase Bank, USA, N.A. ("Chase Bank) with an account number ending in -1475 (the "Account").

8. At some point, Plaintiff fell behind on his payments on the Account.

9. In July 2009, Plaintiff entered into a settlement agreement with Chase Bank.

10. Pursuant to this agreement, Plaintiff submitted three payments to Chase Bank as full and final settlement of the Account.

11. Chase Bank acknowledged that the Account was satisfied.

12. In mid-2011, Plaintiff learned that the Account was still listed on his credit report as an unsatisfied debt.

13. Thereafter, Plaintiff submitted written disputes to Defendants Experian,

TransUnion, and Equifax, on multiple occasions, and notified them that there was no balance owed on the Account and that his credit report was inaccurate. Plaintiff also sent supporting documentation to Defendants Equifax, TransUnion, and Experian to show that the Account had been satisfied.

14. Upon information and belief, in response to Plaintiff's disputes, Defendants, through their outsource vendor in the Philippines, Costa Rica and/or India, merely transmitted a two-digit "dispute code" in an electronic ACDV to the furnisher regarding the Account in each instance in accordance with its standard investigation procedures.

15. Defendants failed to forward all relevant information regarding the Account at such time as it processed Plaintiff's disputes.

16. In response to Plaintiff's disputes, each Defendant failed to update the Account as satisfied and continued reporting the Account as possessing a balance.

17. Defendants, in all regards, failed to perform a meaningful and searching inquiry into the substance of Plaintiff's disputes, causing significant damages to the Plaintiff.

18. Defendants are well aware that the FCRA requires them to conduct a meaningful investigation of a consumer's dispute.

19. Upon information and belief, Defendants have each developed a method of processing consumer disputes that is specifically designed to process consumer disputes cheaply and quickly, rather than accurately.

20. Upon information and belief, these methods often do not comply with the FCRA's requirement that the Defendants must conduct a meaningful investigation of a consumer's dispute. For example, and without limitation, Defendants often conduct only a cursory review of the documentation that a consumer attaches to his dispute and do not forward

the documentation to the furnisher.

21. Upon information and belief, Defendants know that their methods of processing disputes do not comply with the requirements of the FCRA. Despite this knowledge, Defendants continue to ignore the FCRA's requirements concerning consumer disputes because noncompliance is a more cost-effective way for them to conduct business.

22. The Defendants' conduct was willful and entitles Plaintiff to recover punitive damages for their violations of the FCRA.

23. By way of example only, and without limitation, the Defendants' failure to adequately investigate Plaintiff's disputes regarding his status on the accounts resulted in a negative impact on his credit score, caused him to be denied for credit and caused Plaintiff to suffer emotional distress, including but not limited to anxiety, stress, embarrassment and frustration. Plaintiff was also forced to spend considerable time submitting disputes to the Defendants in an attempt to get them to comply with their duties under the FCRA.

## COUNT ONE:
## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681e(b))

24. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

25. The Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning the Plaintiff.

26. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

27. The Defendants' conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

28. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from each Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX
### (Violation of 15 U.S.C. § 1681i(a)(1))

29. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

30. Defendant Equifax violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently update the information in the file.

31. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

32. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

33. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT THREE:
### THIRD CLAIM FOR RELIEF AGAINST EQUIFAX
(Violation of 15 U.S.C. § 1681i(a)(2))

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

35. Defendant Equifax violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letters.

36. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

37. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FOUR:
### FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX
(Violation of 15 U.S.C. § 1681i(a)(4))

39. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

40. Defendant Equifax violated 15 U.S.C § 1681i(a)(4) by its conduct which includes,

but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

41. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

42. Defendant Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FIVE:
### FIFTH CLAIM FOR RELIEF AGAINST EQUIFAX
(Violation of 15 U.S.C. § 1681i(a)(5))

44. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

45. Defendant Equifax violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to update or delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

46. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

47. Defendant Equifax's conduct, actions, and inaction were willful, rendering it

liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT SIX:
## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681e(b))

49. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

50. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

51. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

52. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

53. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT SEVEN:
## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681i(a)(1))

54. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

55. Defendant Experian violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently update the information in the file.

56. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

57. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT EIGHT:
## THIRD CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681i(a)(2))

59. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

60. Defendant Experian violated 15 U.S.C § 1681i(a)(2) by its conduct which

includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letters.

61. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

62. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

63. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT NINE:
## FOURTH CLAIM FOR RELIEF AGAINST EXPERIAN
## (Violation of 15 U.S.C. § 1681i(a)(4))

64. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

65. Defendant Experian violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

66. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

67. Defendant Experian's conduct, actions, and inaction were willful, rendering it

liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

68. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TEN:
## FIFTH CLAIM FOR RELIEF AGAINST EXPERIAN
### (Violation of 15 U.S.C. § 1681i(a)(5))

69. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

70. Defendant Experian violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to update or delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

71. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, lost time, and emotional distress.

72. Defendant Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

73. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT ELEVEN:
## FIRST CLAIM FOR RELIEF AGAINST TRANSUNION
### (Violation of 15 U.S.C. § 1681e(b))

74. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

75. Defendant TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

76. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, an increased interest rate on one or more loans, the requirement that he pay a twenty percent down payment in order to obtain a mortgage loan, lost time, and emotional distress.

77. Defendant TransUnion's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

78. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWELVE:
## SECOND CLAIM FOR RELIEF AGAINST TRANSUNION
### (Violation of 15 U.S.C. § 1681i(a)(1))

79. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

80. Defendant TransUnion violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently update the information in the file.

81. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, an increased interest rate on one or more loans, the requirement that he pay a twenty percent down payment in order to obtain a mortgage loan, lost time, and emotional distress.

82. Defendant TransUnion's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

83. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT THIRTEEN:
### THIRD CLAIM FOR RELIEF AGAINST TRANSUNION
### (Violation of 15 U.S.C. § 1681i(a)(2))

84. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

85. Defendant TransUnion violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letters.

86. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, an increased interest rate on one or more loans, the requirement that he pay a twenty percent down payment in order to obtain a mortgage loan, lost time, and emotional distress.

87. Defendant TransUnion's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

88. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FOURTEEN:
## FOURTH CLAIM FOR RELIEF AGAINST TRANSUNION
### (Violation of 15 U.S.C. § 1681i(a)(4))

89. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

90. Defendant TransUnion violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

91. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, an increased interest rate on one or more loans, the requirement that he pay a twenty percent down payment in order to obtain a mortgage loan, lost time, and emotional

distress.

92. Defendant TransUnion's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

93. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT FIFTEEN:
### FIFTH CLAIM FOR RELIEF AGAINST TRANSUNION
### (Violation of 15 U.S.C. § 1681i(a)(5))

94. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

95. Defendant TransUnion violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to update or delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

96. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to a decrease in his credit score, lost opportunity to obtain credit, an increased interest rate on one or more loans, the requirement that he pay a twenty percent down payment in order to obtain a mortgage loan, lost time, and emotional distress.

97. Defendant TransUnion's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent, entitling the Plaintiff to recover under 15

U.S.C. § 1681o.

98. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendants; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**GERARD MASTRAPASQUA**

By: _____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB No. 65434
JANELLE E. MASON, VSB No. 82389
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
janelle@clalegal.com
matt@clalegal.com